(80 P.3d 72)
No. 88,597

STROWIG PROPERTIES, INC., *Appellant*, v. AMERICAN STATES INSURANCE COMPANY, *Appellee.*

Opinion filed February 7, 2003.

*Debra Egli James* and *Tish Morrical*, of Hampton & Royce, L.C., of Salina, for the appellant.

*Marc A. Powell*, of Powell, Brewer, Gough & Withers, L.L.P., of Wichita, for the appellee.

Before PIERRON, P.J., LEWIS, J., and BUCHELE, S.J.

BUCHELE, J.: Strowig Properties, Inc., (Strowig) appeals the order of the district court granting summary judgment in favor of American States Insurance Company (American States). The court found that American States had fulfilled its obligations under the insurance policy at issue. We affirm.

This case arises out of an insurance claim filed after strong winds totally destroyed the Plaza Theater owned by Strowig. Strowig

spent approximately $90,000 to remove the debris of the fallen building. American States paid the $139,900 policy limit for the damage to the real property and $25,000 for debris removal to Strowig.

Strowig filed suit against American States, claiming that under the policy it was entitled to an additional $34,974 for debris removal expenses. Strowig and American States both filed motions for summary judgment. Strowig argued the policy was ambiguous and that it was entitled to an interpretation of the policy in its favor. American States argued it had met its obligations under the clear terms of the policy. The district court found that American States had paid its obligations under the policy and entered summary judgment in its favor.

The parties agree on the underlying facts of the case. An appellate court has unlimited review over the interpretation of a written insurance policy based on stipulated facts. *Colfax v. Johnson*, 270 Kan. 7, 10, 11 P.3d 1171 (2000). When reviewing an insurance policy for ambiguity, an appellate court adheres to the following interpretive rules:

"A contract is ambiguous if it contains provisions or language of conflicting or doubtful meaning as suggested by a natural and reasonable interpretation of its language. [Citation omitted.] An insurance contract should be construed to give it the meaning that a reasonably prudent insured would understand the language to mean. [Citation omitted.] Where, however, an insurance contract is not ambiguous, the courts will not make another contract for the parties but will enforce the contract as written. [Citation omitted.]" *Elliott v. Farm Bureau Ins. Co., Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885, *rev. denied* 269 Kan. 932 (2000).

If an insurance policy is ambiguous, it should be interpreted in favor of the insured. *Brumley v. Lee*, 265 Kan. 810, 813-14, 963 P.2d 1224 (1998).

The relevant policy language is contained in the "BUILDING AND PERSONAL PROPERTY COVERAGE FORM" of the policy, which states: "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." It then discusses (1) "Covered Property," (2) "Property Not Covered," (3) "Covered Causes of Loss," (4) "Additional Coverages," and (5)

"Coverage Extensions." Under "Additional Coverages," the policy states:

"a. Debris Removal
  "(1) We will pay your expense to remove debris of Covered Property caused by or resulting from a Covered Cause of Loss that occurs during the policy period . . . .
  "(2) The most we will pay under this Additional Coverage is 25% of:
    (a) The amount we pay for the direct physical loss of or damage to Covered Property; plus
    (b) The deductible in this policy applicable to that loss or damage.
  "But this limitation does not apply to any additional debris removal limit provided in the Limits of Insurance section."

Following the coverage section of the policy are additional sections captioned "EXCLUSIONS AND LIMITATIONS" and "LIMITS OF INSURANCE." Under the "LIMITS OF INSURANCE" section, the policy states:

"The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations.
. . . .
"The limits applicable to the Coverage Extensions and the Fire Department Service Charge and Pollutant Clean Up and Removal Additional Coverages are in addition to the Limits of Insurance.
"Payments under the following Additional Coverages will not increase the applicable Limit of Insurance:
  "1. Preservation of Property; or
  "2. Debris Removal; but if:
    a. The sum of direct physical loss or damage and debris removal expense exceeds the Limit of Insurance; or
    b. The debris removal expense exceeds the amount payable under the 25% limitation in the Debris Removal Additional Coverage;

  we will pay up to an additional $10,000 for each location in any one occurrence under the Debris Removal Additional Coverage."

The additional $10,000 in the Debris Removal limit was increased to $25,000 in an endorsement to the policy, which states: "The most we will pay is increased to . . . $25,000." The "Limit of Insurance" as shown on the Declarations page is $139,900. Pursuant to this clause in the policy, American States paid Strowig $25,000 for the cost of debris removal.

Strowig argues it is entitled to an additional $34,974 for debris removal. This figure is derived from the Debris Removal coverage stating the most American States will pay is 25% of the amount it would "pay for the direct physical loss of or damage to Covered Property," which was the policy limit of $139,900. $139,900 × 0.25 = $34,975. In support of its interpretation of the policy, Strowig first points out that because the Debris Removal coverage is under the heading of "Additional Coverages," the policy is clear that the Debris Removal coverage is in addition to any payment for the basic coverage for "direct physical loss or damage to the Covered Property." Strowig asserts the Limits of Insurance section is confusing because it says the limit for loss or damage is the "applicable Limit of Insurance shown in the Declarations." The Debris Removal coverage is not included in the Limit of Insurance in the Declarations, Strowig argues, because it is additional coverage to the coverage for loss or damage.

The terms *direct physical loss or damage* as used in the Coverage section and *loss or damage* as used in Limits of Insurance section have different meanings however. *Direct physical loss or damage* is coverage for the actual loss of the building. The scope for the term *loss or damage* is broader and applies to all coverages in the Building and Personal Property Coverage Form including the "Additional Coverages," such as the cost of debris removal. According to the Limits of Insurance section coverage for damage to the insured property cannot exceed the amount of coverage, which is $139,900 unless stated otherwise. The statement in the Limits of Insurance section, which says the limits for certain additional coverages, including a fire department service charge, are in addition to the Limits of Insurance, further indicates that Debris Removal coverage is treated differently. The Debris Removal coverage section does not increase the Limit of Insurance.

Strowig also asks the court to find the policy is ambiguous because one of American States' insurance agents had interpreted identical language in another policy "as setting the only limit on debris removal at 25% of the amount paid for direct loss or damage for a total payment to the insured which was *in addition* to the amount allowed under the Limits of Insurance."

Whether a policy is ambiguous is a matter of law for the court to determine. *Godfrey v. Chandley*, 248 Kan. 975, 977, 811 P.2d 1248 (1991). Moreover, to determine if a contract is ambiguous, the court is limited to the four corners of the agreement. *Metropolitan Life Ins. Co. v. Strnad*, 255 Kan. 657, 671, 876 P.2d 1362 (1994). The fact that one of American States' agents may have interpreted the policy differently has no effect on the court's analysis.

Finally, Strowig argues that the policy is ambiguous because the limit for Debris Removal was not clearly defined. Strowig points to the general rule that "exceptions, limitations, and exclusions to insurance policies require narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes the duty to define any limitations on that coverage in clear and explicit terms. [Citation omitted.]" *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 327, 961 P.2d 1213 (1998). Applying that rule to the policy does not invalidate it, however, because American States did use clear and explicit language to alert the insured to the limits of coverage. Strowig's assertion that the Limits of Insurance includes additional coverage for debris removal is an unreasonable interpretation.

Strowig has been paid the full amount covered under the general limit for real property loss and $25,000 under the additional coverages for debris removal. We hold that the full limits of the policy have been paid.

Affirmed.